1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10  PHILLIP BURTON HAUSKEN,                    CASE NO. C13-5346 RBL-JRC

11                       Plaintiff,            REPORT AND RECOMMENDATION TO
                                               DENY IN FORMA PAUPERIS STATUS
12           v.
                                               NOTED FOR:
13  D LEWIS et al.,                            JUNE 7, 2013

14                       Defendants.

15

16       The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States

17  Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. §

18  636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

19       Because this action is duplicative, the Court recommends denying plaintiff's motion to

20  proceed in forma pauperis.  Plaintiff is pursuing the same issues that are in this case in, *Hausken*

21  *v. Lewis et al*, 12-5882BHS/JRC.

22       The district court may permit indigent litigants to proceed in forma pauperis upon

23  completion of a proper affidavit of indigence. *See* 28 U.S.C. § 1915(a). However, the Court has

24  broad discretion in denying an application to proceed in forma pauperis.  *Weller v. Dickson*, 314

REPORT AND RECOMMENDATION - 1

F.2d 598, 600 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). The Court may consider prior filings in making a decision whether to plaintiff the privilege of in forma pauperis status. *O'Loughlin v. John Doe*, 920 F.2d 614, 616-17 (9th Cir. 1990). This filing is duplicative; plaintiff has an open case where he is still seeking injunctive relief on the same issue. The Court recommends denial of in forma pauperis status in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on June 7, 2013, as noted in the caption.

Dated this 16th day of May, 2013.

J. Richard Creatura
United States Magistrate Judge