UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PHILLIP BURTON HAUSKEN,<br><br>              Plaintiff,<br><br>    v.<br><br>D LEWIS et al,.<br><br>              Defendants. | CASE NO. 3:13-CV-05346-RBL<br><br>ORDER TO SHOW CAUSE |

      The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge, J. Richard Creatura. The Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and Magistrate Judge Rules MJR3 and MJR4.

      On June 14, 2013, the Court denied plaintiff's motion to proceed *in forma pauperis* because this action was duplicative of another case where plaintiff was pursuing injunctive relief on the same issue. Dkt. 7; *see Hausken v. Lewis,* 12-5882BHS/JRC. The case was closed on June 17, 2013. *See generally* Dkt. 8. Now before the Court is plaintiff's motion to modify, terminate, or reduce legal financial obligations. Dkt. 10.

The handwriting in plaintiff's motion is very hard to read but the Court understands plaintiff has stated:

> I should only be charged for one case 05882 Daniel Lewis instead of 3-5346-05514 both with D Lewis[.] I should only be [charged] for one case 05344 05514 both with [Daniel] Lewis as correspondents for both cases he state [word is unclear] 350.00 … I have no money and no job…I can't pay the debt ... If you can be charged for the cases when you did not deny [in forma pauperis] status, The state can deny back cases where you did not [unclear] [in forma pauperis status] and charged your [unclear] from to give … 4 5 or 6 strikes instead of 3, the states should have a [unclear] they have charge[d] you. If you didn't have [in forma pauperis status] you could not be charged.

*Id.* at 1-2.

While plaintiff's motion is unclear, it seems to indicate that plaintiff seeks an order waiving the collection of the filing fee in this action. However, no filing fee was collected because plaintiff's application to proceed *in forma pauperis* was denied. *See* Dkt. 7. If plaintiff claims the filing fee has been collected in this case, he should clearly explain when the filing fee was collected and how much was collected.

If plaintiff is seeking a waiver of the collection of the filing fee in another case in which plaintiff was granted *in forma pauperis* status, the Court notes that 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to waive the payment of a plaintiff's filing fee or to return the filing fee after dismissal of an action. In amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress intended to provide financial disincentives for prisoners filing lawsuits *in forma pauperis*. *See Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir.1997) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims. *See, e.g.*, H.R. Conf. Rep. No. 104–378, at 166–67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept. 29, 1995) (statement of Sen. Dole)).

1     "Filing fees are part of the costs of litigation." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir.1998). Prisoner cases are no exception. The PLRA has no provision for return of fees partially paid or for cancellation of the remaining fee. *See Goins v. Decaro*, 241 F.3d 260, 261–62 (2d Cir.2001) (inmates who proceeded pro se and *in forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals). In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Id.* at 261.

    Accordingly, the Court directs plaintiff to explain what action he wishes the Court to take. Plaintiff must respond to this order by November 2, 2015. Plaintiff's response should be legibly written or typed. If plaintiff's response does not clearly state what action he wishes the Court to take, or if plaintiff fails to respond to this order, the Court will deny the motion.

    Dated this 2nd day of October, 2015.

J. Richard Creatura
United States Magistrate Judge